UNITED STATES of America, Plaintiff–Appellee,

v.

Christopher Pierre HICKS, Suzzette Marie Calloway, Defendants–Appellants.

No. 03–10051.
D.C. Docket No. 02–00006–CR–01–4.

United States Court of Appeals, Eleventh Circuit.

Feb. 7, 2006.

designation.

Lisa Wilson Tarvin, U.S. Attorney Office, Atlanta, GA, for Plaintiff–Appellee.

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

A jury convicted Defendants Hicks and Calloway of federal drug crimes related to their manufacture of methamphetamine. We affirmed the conviction. *United States v. Hicks*, 107 Fed.Appx. 892, 893 (11th Cir.2004) (Table). Both Hicks and Calloway appealed our decision to the United States Supreme Court. The Court vacated our previous judgment and remanded the matter to us for further consideration in the light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We now affirm the conviction and sentence and reinstate our prior panel opinion.

Hicks and Calloway both concede that they raised no *Booker/Blakely/Apprendi* issue in their initial appeal.[1] We follow the well-established prudential rule that "issues and contentions not timely raised in the briefs are deemed abandoned." *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001). Accordingly, *Booker/Blakely/Apprendi* claims are not timely before this Court. *United States v. Levy*, 416 F.3d 1273 (11th Cir.2005) (concluding that Supreme Court's general remand does not "preclude this Court from applying its prudential rules in a uniform and consistent manner").

Defendants alternatively argue that the timeliness issue is moot because the Supreme Court "has specifically requested that this Court consider *Booker* even though [the Defendants] never raised a *Blakely/Booker* claim below." First, it is important to note that nothing in the Supreme Court's remand order requires us to treat this case as though the *Booker* issue has been timely raised in this Court. Second, Defendants' argument is contrary to precedent. As we concluded in *Levy*, "*Booker* itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in *Booker* undermines or affects our prudential rules; if anything, *Booker* contemplates that they should be applied in *Booker*-remand cases." 416 F.3d at 1279–80. Applying our ordinary prudential rules to this case, we conclude that defendants abandoned their *Booker/Blakely/Apprendi* claims by failing to raise the claims in their initial briefs.

We have considered this case in the light of *Booker* and our case law, and we affirm Defendants' convictions and sentences and reinstate our prior panel opinion.

AFFIRMED.

1. Calloway first raised a *Blakely* claim in her petition for a writ of certiorari to the Supreme Court. Hicks failed to raise a cognizable *Booker/Blakely/Apprendi* claim until his supplemental letter brief submitted to this Court in these remand proceedings.